UNITED STATES OF AMERICA

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

Teamsters Local 337
        Plaintiff

-VS-

Heartland Steel Products LLC
        Defendant

## COMPLAINT TO ENFORCE ARBITRATION AWARD

Now comes Teamsters Local Union No. 337 by and though its Attorney Kevin J. O'Neill P.C. and does move to Enforce the Arbitration Award the Industrial Board Arbitration Committee entered on April 15, 2024 reinstating Anthony Ghekiere. In support of its Complaint Plaintiff states;

1. This action is brought under Section 301 of the Labor Management Relations Act (LMRA) 29 U.S.C. Section 185 and seeks to Enforce the Award of the Arbitration Committee issued on April 15, 2024.

## PARTIES

2. Local 337 is a Labor Organization representing employees in an industry effecting commerce within the meaning of Section 301 of the Labor Management Relations Act U.S.C. Section 185. Local 337 provides such representation within the geographic area covered by this Court.

3. Defendant Heartland Steel Products LLC is engaged in Business in the State of Michigan and operates a facility in Marysville, Michigan.

4. Heartland Steel Products LLC is engaged in an industry affecting Commerce as defined in the LMRA, 29 U.S.C. 142 et seq.

5. This Court has subject matter Jurisdiction over this action under Section 301 of the Labor Management Relations Act 29 U.S.C 188 (a) and 28 U.S.C. 1331.

6. Venue is proper in this Court under 28 U.S.C. 2201 in that the events or omissions giving rise to the Complaint occurred in this District.

## RELEVANT COLLECTIVE BARGAINING AGREEMENT BETWEEN THE PARTIES

7. The parties are signatures to a CBA dated March 1, 2022 through February 28, 2025.

8. The contract contains a Provision Article 6, that States a Discharge or Suspension requires Just Cause.

9. The contract has a Provision, Article 7 titled Grievance and Arbitration procedure with Arbitration to occur before the Mid-Michigan Arbitration Committee.

10. This Provision grants Jurisdiction and Authority to the Arbitrator to interpret the explicit provision or Provisions of this Agreement.

## RELEVANT FACTS

11. Grievant Anthony Ghekiere was employed by Defendant at its Marysville, Michigan facility.

12. On February 23, 2024 said Grievant was Discharged with the Employer alledging Willful or Negligence causing damage or destruction of property.

13. On February 26, 2024 the Grievant filed a Grievance contesting his Discharge.

14. An Arbitration hearing was held before the Industrial Board Arbitration Committee on April 15, 2024.

15. Both parties appeared and presented their facts and evidence in support of their respective positions.

16. The Industrial Board Arbitration Committee issued its decision sustaining his Grievance and ruling that he be returned to work on April 22, 2024 (copy of Arbitration Award attached as Ex. A.) stating:

> Decision: All parties stating they presented their evidence, and the Grievant further stating that he was satisfied with his Union Representation, on the facts presented, by majority vote of the Board, the Grievant will return to work April 22, 2024 with no back pay or fringes for the time off, except medical, and all seniority.

17. The employer has failed to reinstate the Grievant or comply with the Award of the Arbitration Committee.

## RELEVANT FACTS

18. Plaintiff incorporates paragraphs 1-17 as if fully pled.

19. After hearing all arguments and facts the Arbitration committee sustained the Grievance of Anthony Ghekiere.

20. The Defendant has refused to reinstate him or comply with the Award.

21. The Defendant has no Legal Basis not to comply with the contractually agreed to Arbitration process and decision.

22. The only reason the Defendant is not complying with the Arbitrator's Award is because it disagrees with the decision. That is not a Legitimate reason to not comply with the Award.

23. The provision (Article 7) Section 9 states further.

> In the event that an employer fails to comply with a decision of an Arbitrator under this Agreement, the employer shall in addition to any remedy provided by the Arbitrator, be Liable for all cost, including Legal Fees, Lost Wages and interest, incurred by the Union or Employees represented by the Union, in obtaining compliance with the Arbitrator's decision.

## REMEDY

Wherefore Teamsters Local 337 requests that this Honorable Court issue its decision that Anthony Ghekiere be reinstated and granted back pay and all benefits from the date the Arbitration Committee stated he should return to work or is entitled to back pay together with Costs interest and Attorney Fees. Additionally, that Plaintiff Local 337 receive its costs interest and Attorney fees in having to enforce the Award.

Respectfully Submitted,

*Kevin O'Neill*

Kevin J. O'Neill (P36377)
22700 Garrison Street, Suite A
Dearborn, Michigan 48124
Telephone: (313) 359.9888
Fax: (313) 359.1598
Email: kevino21@hotmail.com

# Exhibit A

Form 1/2024

Page 1 of 2 Pages

# INDUSTRIAL BOARD ARBITRATION COMMITTEE
3250 COOLIDGE BERKLEY, MICHIGAN 48072-1634
Telephone (248) 398-1170 Fax (248) 398-6619

## DECISIONS OF MONDAY, APRIL 15, 2024
AT: ***HOLIDAY INN DETROIT METRO, 8400 MERRIMAN RD., ROMULUS, MI 48174***
TELEPHONE: (734) 729-8400

| EMPLOYER COMMITTEE REPRESENTATIVES | | UNION |
|---|---|---|
| | | KEVIN MOORE |
| | | TODD LINCE |
| OAKLEY INDUSTRIES SUB ASSEMBLY | STEVE HICKS | SEAN M. O'BRIEN |
| DANIEL FENWICK | Chairman | JAMES FOX |
| PROS ENVIRONMENTAL SERVICES | KEN KWAPISZ | RICK DUBROY |
| GERRY SNYDER | Alternate Chairman | JIM PARRINELLO |
| TRADITIONAL LOGISTICS & CARTAGE | | DON MORAN |
| JIM ADKINS | Alternate Chairman | AL YOUNG |
| LARRY McFARLAND (Honorary) | BARRY E. SOLOMON | ROY GROSS |
| REPUBLIC SERVICES | Secretary | JEFF LEE |
| JASON GAGNE | KURT DENZER | MIKE GLUBA |
| ALL STAR SERVICES | Sergeant-At-Arms | PAUL HARRISON |
| DUNCAN SMITH | | LEROY MICKENS |
| MICHELLE CAMPBELL | | DAN GLASS |
| RITE AID | | MARK BARNHART |
| ASHLEIGH BRIGHT | | JOHN MATUS |
| ALRO STEEL | | DENNY KROGSTAD |
| MIKE WARD | | MIKE FINEGAN (Honorary) |

TEAMSTERS LOCAL 299 v. PRECISION VEHICLE LOGISTICS

24-015  Re:  MICHAEL MALICCO #37139 **(Adj. mutually March)**
        Dispute:  Contract violation – Pay
        Decision:  Adjourned Company to the May 20th Board hearing with ongoing liability, if any.

4-016   Re:  FAHD ALMAWERI #37207 **(Adj. mutually March)**
        Dispute:  Contract violation – Pay
        Decision:  Adjourned Company to the May 20th Board hearing with ongoing liability, if any.

TEAMSTERS LOCAL 299 v. M.A.H.S.

24-018  Re:  JOE MILLIGAN #33178
        Dispute:  Lay-off
        Decision:  Adjourned mutually to the May 20th Board hearing. Any question of ongoing liability shall be reserved.

I.B.A.C. Decisions – Page 2

24-019  Re:  JOHN BURKS #33193
        Dispute:  Reprimand
        Decision:  Adjourned mutually to the May 20th Board hearing. Any question of ongoing liability shall be reserved.

         TEAMSTERS LOCAL 299 v. RNDC MICHIGAN
24-021  Re:  WILLIAM SNYDER #37258
        Dispute:  Discipline
        Decision:  All parties stating they presented their evidence, and the grievant further stating that he was satisfied with his Union representation, on the facts presented, by majority vote of the Board, the grievance is upheld for the relief requested. Here, the language used by the Company says "**Drivers Responsibility**".

         TEAMSTERS LOCAL 337 v. HEARTLAND STEEL PRODUCTS
24-017  Re:  ANTHONY GHEKIERE #28633 (**Adj. Co. March**)
        Dispute:  Discharge
        Decision:  All parties stating they presented their evidence, and the grievant further stating that he was satisfied with his Union representation, on the facts presented, by majority vote of the Board, the grievant will return to work on April 22, 2024 with no back pay or fringes for the time off, except medical, and all seniority.

         TEAMSTERS LOCAL 407 v. CONTRACTORS STEEL CO.
24-020  Re:  RUSS SEESE #22786
        Dispute:  Discharge
        Decision:  Although being sent notice, the grievant chose not to appear. The Union requested an adjournment, but this was denied. All remaining parties stated they were satisfied. On the facts presented, by majority vote of the Board, the grievance is denied.

         TEAMSTERS LOCAL 332 v. JOHN P. O'SULLIVAN DISTRIBUTING
24-022  Re:  WALT JENKINS #66611
        Dispute:  Discharge
        Decision:  All parties stating they presented their evidence, and the grievant further stating that he was satisfied with his Union representation, on the facts presented, by majority vote of the Board, the termination is reduced to a verbal warning under Work Rule X, and the grievant is to receive 4 weeks back pay and all seniority and fringes.

         TEAMSTERS LOCAL 299 v. HEARN INDUSTRIAL SERVICES, INC.
24-023  Re:  ERIC FULMER #37154
        Dispute:  Discharge
        Decision:  Adjourned Company to the May 20th Board hearing with ongoing liability, if any.