# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TEAMSTERS LOCAL 337,

    Plaintiff/Counter-Defendant,

v.

HEARTLAND STEEL PRODUCTS LLC,

    Defendant/Counter-Plaintiff.

Case No. 24-cv-11300

Hon. Shalina D. Kumar

Magistrate Judge Elizabeth A. Stafford

**Defendant/Counter-Plaintiff Heartland Steel Products, LLC's
<u>Answer, Affirmative Defenses, and Counterclaim</u>**

Defendant/Counter-Plaintiff Heartland Steel Products, LLC ("Heartland"), through its undersigned counsel, answers the Complaint filed by Plaintiff/Counter-Defendant Teamsters Local 337 ("Local 337") and states its affirmative defenses and counterclaim as follows:

### Heartland's Answer

1. This action is brought under Section 301 of the Labor Management Relations Act (LMRA) 29 U.S. C. Section 185 and seeks to Enforce the Award of the Arbitration Committee issued on April 15, 2024.

**ANSWER:** Heartland admits Local 337's description of its claim, but denies as untrue any allegation or implication in Paragraph 1 that the Industrial Board Arbitration Committee's ("Arbitration Committee's") decision is entitled to enforcement. Rather, the Arbitration Committee's decision was not based on an interpretation of the parties' collective bargaining agreement ("CBA"), the Arbitration Committee had no authority to reinstate Grievant Anthony Ghekiere ("Grievant") after determining that he violated the CBA's work rules, and the Committee exceeded its authority by dispensing its own brand of industrial justice by ordering Grievant's reinstatement. Accordingly, the decision should be set aside and vacated.

### Parties

2. Local 337 is a Labor Organization representing employees in an industry effecting commerce within the meaning of Section 301 of the Labor Management

Relations Act U.S.C. Section 185. Local 337 provides such representation within the geographic area covered by this Court.

**ANSWER:** Admitted.

  3. Defendant Heartland Steel Products LLC is engaged in Business in the State of Michigan and operates a facility in Marysville, Michigan .

**ANSWER:** Admitted.

  4. Heartland Steel Products LLC is engaged in an industry affecting Commerce as defined in the LMRA, 29 U.S.C. 142 et seq.

**ANSWER:** Admitted.

  5. This Court has subject matter Jurisdiction over this action under Section 301 of the Labor Management Relations Act 29 U.S.C 188 (a) and 28 U.S.C. 1331.

**ANSWER:** Admitted.

  6. Venue is proper in this Court under 28 U.S.C. 2201 in that the events or omissions giving rise to the Complaint occurred in this District.

**ANSWER:** Denied. Answering further, Heartland does not dispute that venue is proper in this Court, but states that 28 U.S.C. § 1391 is the statutory provision that provides venue in this case.

### Relevant Collective Bargaining Agreement Between the Parties

  7. The parties are signatures to a CBA dated March 1, 2022 through February 28, 2025.

3

**ANSWER:** Admitted.

8. The contract contains a Provision Article 6, that States a Discharge or Suspension requires Just Cause.

**ANSWER:** Admitted. Answering further, the CBA has other provisions applicable to this dispute that Heartland relies on in this lawsuit and Local 337 ignores.

9. The contract has a Provision, Article 7 titled Grievance and Arbitration procedure with Arbitration to occur before the Mid-Michigan Arbitration Committee.

**ANSWER:** Admitted. Answering further, the CBA contains other provisions applicable to this dispute that Heartland relies on in this lawsuit and Local 337 ignores.

10. This Provision grants Jurisdiction and Authority to the Arbitrator to interpret the explicit provision or Provisions of this Agreement.

**ANSWER:** Admitted. Answering further, the CBA contains other provisions applicable to this dispute that Heartland relies on in this lawsuit and Local 337 ignores.

## Relevant Facts

11. Grievant Anthony Ghekiere was employed by Defendant at its Marysville, Michigan facility.

**ANSWER:** Admitted.

12. On February 23, 2024 said Grievant was Discharged with the Employer alleging Willful or Negligence causing damage or destruction of property.

4

**ANSWER:** Admitted.

13. On February 26, 2024 the Grievant filed a Grievance contesting his Discharge.

**ANSWER:** Admitted.

14. An Arbitration hearing was held before the Industrial Board Arbitration Committee on April 15, 2024.

**ANSWER:** Admitted.

15. Both parties appeared and presented their facts and evidence in support of their respective positions.

**ANSWER:** Admitted.

16. The Industrial Board Arbitration Committee issued its decision sustaining his Grievance and ruling that he be returned to work on April 22, 2024 (copy of Arbitration Award attached as Ex. A.) stating:

> Decision: All parties stating they presented their evidence, and the Grievant further stating that he was satisfied with his Union Representation, on the facts presented, by majority vote of the Board, the Grievant will return to work April 22, 2024 with no back pay or fringes for the time off, except medical, and all seniority.

**ANSWER:** Heartland admits only that Paragraph 16 gives an accurate recitation of the Arbitration Committee's decision, but denies as untrue any allegation or implication that the Arbitration Committee's decision should be enforced or was even an arguable interpretation of the parties' CBA.

5

17. The employer has failed to reinstate the Grievant or comply with the Award of the Arbitration Committee.

**ANSWER:** Heartland admits only that it has not reinstated Grievant because that portion of the Arbitration Committee's decision that found Grievant was entitled to reinstatement must be set aside and vacated.

### Relevant Facts

18. Plaintiff incorporates paragraphs 1- 17 as if fully pled.

**ANSWER:** Heartland incorporates its answers to Paragraphs 1 to 17.

19. After hearing all arguments and facts the Arbitration committee sustained the Grievance of Anthony Ghekiere.

**ANSWER:** Heartland denies as untrue that the Arbitration Committee fully sustained Grievant's grievance. Answering further, by denying the Grievant's demand for back pay and benefits, the Committee necessarily found that the Grievant violated the CBA's work rules, constituting "just cause" under Article 6, Section 1 and triggering Heartland's discretion under Negotiated Work Rule #7 and limiting the Arbitration Committee's power under Article 7, Section 4.

20. The Defendant has refused to reinstate him or comply with the Award.

**ANSWER:** Heartland admits only that it has not reinstated Grievant because that portion of the Arbitration Committee's decision that found Grievant was entitled to reinstatement must be set aside and vacated.

21. The Defendant has no Legal Basis not to comply with the contractually agreed to Arbitration process and decision.

**ANSWER:** Denied as untrue for the reasons explained in Heartland's counterclaim.

22. The only reason the Defendant is not complying with the Arbitrator's Award is because it disagrees with the decision. That is not a Legitimate reason to not comply with the Award.

**ANSWER:** Denies as untrue for the reasons explained in Heartland's counterclaim.

23. The provision (Article 7) Section 9 states further.

> In the event that an employer fails to comply with a decision of an Arbitrator under this Agreement, the employer shall in addition to any remedy provided by the Arbitrator, be Liable for all cost, including Legal Fees, Lost Wages and interest, incurred by the Union or Employees represented by the Union, in obtaining compliance with the Arbitrator's decision.

**ANSWER:** Admitted.

WHEREFORE, the Court should enter judgment in Heartland's favor on Local 377's claim, enter a final order and judgment that sets aside and vacates the portion of the Arbitration Committee's decision that found Grievant should be reinstated, upholds the portion of the decision that found Grievant was not entitled to back pay and benefits, and issues such other relief that the Court deems just and equitable.

## Affirmative Defenses

1. The Arbitration Committee's decision to reinstate Grievant exceeded the authority given it under the parties' CBA.

2. The Arbitration Committee dispensed its own brand of industrial justice because the portion of its decision that ordered Grievant's reinstatement does not derive from an interpretation or application of the CBA.

3. Article 7, Section 4 of the CBA specifically states that when Heartland is exercising its judgment under a provision of the CBA, which is what happened here, then the Arbitration Committee "shall have no right or power to substitute [its] judgment for the Company's judgment, but shall be limited to deciding whether or not the Company acted arbitrarily, capriciously or in bad faith."

4. Heartland reserves the right to add or amend its affirmative defenses.

WHEREFORE, the Court should enter judgment in Heartland's favor on Local 377's claim, enter a final order and judgment that sets aside and vacates the portion of the Arbitration Committee's decision that found Grievant should be reinstated, upholds the portion of the decision that found Grievant was not entitled to back pay and benefits, and issues such other relief that the Court deems just and equitable.

## Heartland's Counterclaim

1. Heartland files this counterclaim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 10.

2. Heartland brings this action to set aside and partially vacate an award rendered by the Industrial Board Arbitration Committee ("Arbitration Committee") in excess of its authority under the collective bargaining agreement between the parties ("CBA").

## Parties, Jurisdiction, and Venue

3. Heartland is a foreign limited liability company that operates a facility in Marysville, Michigan. It is an employer in a business affecting commerce within the meaning of Section 301 of the LMRA.

4. Local 337 is a labor organization and the collective bargaining representative of certain production, maintenance, and truck driving employees at Heartland's Marysville, Michigan facility.

5. This Court has subject matter jurisdiction over this counterclaim under Section 301 of the LMRA.

6. Venue is proper in this Court under Section 301 of the LMRA and 28 U.S.C. § 1391.

## General Allegations

7. Heartland and Local 337 are parties to a CBA, which was in force at all times relevant in this matter. (Ex. 1, CBA.)

8. Article 6, Section 1 of the CBA allows Heartland to "discharge or suspend" an employee with "just cause," provided the employee either (a) was given at least one warning for a first infraction, or (b) the work rule violation specifically allows discharge for a first infraction in Heartland's discretion. (Ex. 1, p. 13.)

9. Article 7, Sections 3 and 4 of the CBA provides for the arbitration of an unresolved grievance involving contract interpretation and/or a disciplinary discharge. (Ex. 1, p. 15.) The arbitrator's authority, under the CBA, is limited to interpretation of the CBA and the arbitrator has no authority to add to, detract from, alter, amend, or modify any provision of the CBA. (*Id.*)

10. Further, under Article 7, Section 4 of the CBA, when, as here, Heartland's is exercising its judgment under a provision of the CBA, "the arbitrator shall have no right or power to substitute his/her judgment for [Heartland's] judgment," which it did, and is "limited to deciding whether or not [Heartland] acted arbitrarily, capriciously or in bad faith." (Ex. 1, p. 15.)

11. In August 2023, Heartland former employee Anthony Ghekiere ("Grievant") threatened to "punch heads" on his way out of work, meet people at a nearby gas station after to work for a physical altercation, and warned his co-workers and management that he had been to prison on several occasions.

12. On August 29, 2023, Heartland terminated Grievant's employment for violating Negotiated Work Rule #3, which prohibits "threatening, intimidating, interfering or fighting on Company premises." (Ex. 1, Schedule C, p. 51.) A first offense of Negotiated Work Rule #3 subjects an employee to discharge at Heartland's discretion.

13. Grievant and Local 337 filed a grievance over his discharge, which was resolved pursuant to a last chance agreement ("Agreement"). Under that Agreement, Heartland, Local 337, and Grievant agreed that Grievant's conduct provided Heartland with "just and sufficient cause, under the current collective bargaining agreement and otherwise, for his immediate discharge."

14. However, the parties agreed Grievant would be given one last chance and agreed that the Agreement would be made a "permanent part" of Grievant's employment record, "notwithstanding anything to the contrary contained in the current or any future collective bargaining agreement."

15. Accordingly, Grievant was returned to work on October 16, 2023.

16. Less than four months later, on February 12, 2024, Grievant was operating a mill and the mill began arcing—electricity or sparks jumping from one connection to another producing a fire in the mill.

17. Grievant knew that his mill was arcing, he told others that it was arcing, he did not report it to anyone, he admitted to others that he told no one about the fire, and he continued operating the mill knowing it would cause the mill damage.

11

18. When Heartland asked Grievant why he didn't say anything to management or maintenance about the fire and damage to the mill, he replied, "We just run shit until it breaks around here, so what does it matter."

19. Heartland has trained Grievant on proper operation of the mill and Grievant knew or should have known to report a fire on the mill and not continue operating it in reckless disregard of the fire.

20. When the fire was blazing out of the mill, Grievant took a picture of it with his phone. Grievant thus knew the safety issue was important enough to photograph, yet he did not report it to anyone.

21. The mill that Grievant was working is a single-point of failure, meaning when it is down, Heartland's production is severely limited.

22. Accordingly, by not reporting the fire and not doing anything about the fire, Grievant endangered Heartland's equipment and production, and, more importantly, Heartland's employees.

23. Negotiated Work Rule #7 of the CBA prohibits the "[w]illful or negligence causing damage or destruction of Company … property." (Ex. 1, Schedule C, p. 52.) It is within Heartland's discretion to discharge employees that violate Negotiated Work Rule #7 for a first offense. (*Id.*)

24. Heartland investigated and received six statements from management and hourly employees that establish Grievant operated the mill knowing it was on fire and admitting that he did not report the fire to management or maintenance.

25. When Heartland questioned Grievant about the incident, he admitted that he did not report it, did nothing about it, and just continued working.

26. Later, during the grievance process, Grievant claimed he told a maintenance employee (a fellow union member) about the incident, but that employee emphatically denied that Grievant ever reported the fire to him.

27. As a result of Grievant's reckless disregard for safety protocols and Heartland's equipment and production, the mill was damaged to the tune of $6,734 in replacement parts, not including the loss of production and the risk he created to Heartland's employees.

28. On February 23, 2024, Heartland exercised its discretion, under Negotiated Work Rule #7, to terminate Grievant's employment.

29. Local 377 and Grievant subsequently grieved the discharge decision all the way through arbitration.

30. Because Heartland had exercised its discretion under Negotiated Work Rule #7 to terminate Grievant's employment, the Arbitration Committee's authority was "limited to deciding whether or not the Company acted arbitrarily, capriciously or in bad faith." (Ex. 1, p. 15.)

31. On April 15, 2024, the parties participated in an arbitration hearing before the Arbitration Committee over Grievant's discharge.

32. Despite the Arbitration Committee's limited authority in this case under Article 7, Section 4 of the parties' CBA, the Committee issued a split-decision that denied Grievant's demand for back pay and benefits, but awarded his reinstatement.

33. Although the Arbitration Committee did not issue a written opinion and award, it logically could not have found that Heartland acted "arbitrarily, capriciously or in bad faith" because it had to have found that Grievant violated Negotiated Work Rule #7 to deny his demand for back pay and benefits.

34. The Arbitration Committee's decision, therefore, does not derive from the parties' CBA and it must be vacated as a matter of law.

**Count I –
Vacation of Arbitration Award**

35. Heartland incorporates the allegations set forth in Paragraphs 1 to 34.

36. Under the CBA, when an employee violates Negotiated Work Rule #7, Heartland is permitted to exercise its discretion to discharge the employee for a first offense. (Ex. 1, 52.)

37. Also under the CBA, when Heartland's "action under a provision of the [CBA] … is based upon the Company's exercise of judgment" the Arbitration Committee "shall have no right or power to substitute his/her judgment for the Company's judgment, but shall be limited to deciding whether or not the Company acted arbitrarily, capriciously or in bad faith." (Ex. 1, p. 15.)

14

38. The Arbitration Committee made no finding that Heartland acted "arbitrarily, capriciously or in bad faith." (Ex. 1, p. 15.)

39. By refusing to award Grievant backpay and benefits, the Arbitration Committee must have found that Grievant violated Negotiated Work Rule #7 and, therefore, logically could not have found that Heartland acted "arbitrarily, capriciously or in bad faith." (Ex. 1, p. 15.)

40. Under the CBA, the Arbitration Committee thus had no authority to order Grievant's reinstatement.

41. The Arbitration Committee dispensed its own brand of industrial justice because the portion of its decision that ordered Grievant's reinstatement does not derive from an interpretation or application of the CBA.

42. The Arbitration Committee's decision that requires reinstatement must be completely vacated.

## Request for Relief

WHEREFORE, the Court should enter judgment in Heartland's favor on Local 377's claim, enter a final order and judgment that sets aside and vacates the portion of the Arbitration Committee's decision that found Grievant should be reinstated, upholds the portion of the decision that found Grievant was not entitled to back pay and benefits, and issues such other relief that the Court deems just and equitable.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/ Ryan D. Bohannon*
    Robert J. Finkel (P13435)
    Ryan D. Bohannon (P73394)
    Attorneys for Defendant/Counter-Plaintiff
    280 N. Old Woodward Ave.
    Suite 400
    Birmingham, MI 48009
    (248) 645-0000
    rfinkel@khvpf.com
    rbohannon@khvpf.com

Dated: May 22, 2024

527079

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

> */s/ Ryan D. Bohannon*
> Ryan D. Bohannon (P73394)
> Kienbaum Hardy
> Viviano Pelton & Forrest, P.L.C.
> 280 N. Old Woodward Ave.
> Suite 400
> Birmingham, MI 48009
> (248) 645-0000
> rbohannon@khvpf.com